## WIDOW'S DOWER IN ENCUMBERED REAL ESTATE.

Common Pleas Court of Hamilton County.

E. SCOTT KING, EXECUTOR, v. TERESIA ALT ET AL.

Decided, April, 1911.

*Dower—Upon What Basis Computed—Where Property Was Under Mortgage at Time of Marriage—Allowance of Attorney's Fees to Executor.*

1. A widow is dowable only in the surplus arising from the sale of lands held by her husband in which he had only an equity of redemption at the time of his marriage to her, having mortgaged the land before the marriage.

2. The fact that an executor is also an attorney does not preclude an allowance to him of fees for attorneys employed by him, where no allowance is made to him personally for performance of the same services; and the rendering of legal services for an executor is not necessarily inconsistent with the performance of like services by the same attorneys for the widow of the decedent.

SWING, J.

This case is submitted to me upon an agreed statement of fact. A motion had been filed to dismiss the appeal because not properly perfected, but the whole case was submitted. Without taking time to state the facts about the manner in which the appeal was attempted to be perfected, I shall simply state my conclusion, which is that the appeal was properly perfected.

The case is appealed from the probate court, in which court the plaintiff, as executor of Adam Alt, deceased, brought suit to sell the real estate of which Adam Alt died seized, to pay his debts.

The real estate was subject to a mortgage to the Monitor Loan & Building Company for $2,500, and there were judgment liens subsequent to the mortgage. The real estate was sold for $3,500 and not purchased by either the mortgagee or judgment lien holders.

Teresia Alt is the widow of Adam Alt, deceased, but they were married after the execution of the mortgage to the Monitor

Loan & Building Company, so that she did not join in that mortgage. Adam Alt acquired title to the real estate by sheriff's sale in partition and received a sheriff's deed, which was recorded June 10, 1907, at 2:28 P. M. Adam Alt gave a mortgage upon the real estate to one Joseph Luebke for $2,000, which was filed with the recorder for record on June 10, 1907, at 12:27 P. M., the same date that his deed was recorded. It will be noticed that the mortgage was left for record at 12:27 P. M. and that the deed was recorded at 2:28 P. M. of the same day. The agreed statement does not say when the deed was executed or when it was left with the recorder for record. The mortgage to Luebke was canceled of record August 26, 1908. On the same day a mortgage to the Monitor Loan & Building Company for $2,500 was executed and filed with the recorder for record. At the time of the execution of both mortgages Adam Alt was a widower. The conditions of the mortgage to the Monitor Loan & Building Company were not broken at the date of Adam Alt's death and the widow continued to make payments thereon for three weeks thereafter.

The probate court in the order of distribution decreed to Teresia Alt, widow of Adam Alt, deceased, the value of her dower in the real estate computed upon the selling price of the real estate instead of computing it upon the surplus remaining after satisfying the mortgage indebtedness. It is claimed by judgment creditors that the mortgage was really a purchase money mortgage. The agreed statement of fact is not specific about it, but it seems not to be disputed that the Luebke mortgage for $2,000 was for money borrowed to pay, and which was paid, as purchase money of the real estate. It is claimed, and seems not to be disputed, that the mortgage to the Monitor Loan & Building Company was for money borrowed to pay the Luebke mortgage, although the amount of it is in excess of the amount of the Luebke mortgage. It is claimed by the judgment creditors that the Monitor Loan & Building Company mortgage, being really a purchase money mortgage, the widow was only endowed in the surplus of the purchase money after the payment of the mortgage. On the other hand it is denied that the Monitor Loan & Building Company mortgage is a purchase money

mortgage and it is claimed that the widow was endowed in the whole purchase money.

Authorities have been cited to me in support of the proposition that the last mortgage should be treated in effect as a purchase money mortgage, but I think that it is not necessary for me to determine that question in this case.

It is agreed that at the time of the execution and delivery of the Monitor Loan & Building Company mortgage and at the time it was entered for record, Alt was unmarried. I am of opinion that whether the said mortgage is regarded as a purchase money mortgage or not, the widow is dowable, not of the whole proceeds of sale, but only of the surplus remaining after satisfying the mortgage. If it was a purchase money mortgage there could be no question about it, for in the case of *Nichols* v. *French, Admr.*, decided in our Supreme Court December 20, 1910 (83 O. S., —), reported in the *Ohio Law Reporter* of February 27, 1911, it is said in the syllabus:

"The widow of a purchase money mortgagor, mortgage given before marriage and property sold by executors to pay the mortgage debt, is not dowable of the whole proceeds, but only of the surplus remaining after satisfying the mortgage." (*Culver et al, Executors*, v. *Harper*, 27 O. S., 464, approved and followed; *Kling* v. *Ballentine*, 40 O. S., 391; *Mandel* v. *McClave*, 46 O. S., 407, distinguished.)

The court in the opinion in considering the cases of *Kling* v. *Ballentine* and *Mandel* v. *McClave, supra*, say:

"Apparent differences in these cases will disappear if it is borne in mind that the husband's mortgage for purchase money is effective without the wife's signature, because it is upon the same consideration as the mortgagee's equitable lien for unpaid purchase money, and that under Section 8606, General Code, the extent of the estate of which the husband was seized as an estate of inheritance at any time during the marriage indicates the extent to which the wife is dowable. When, as here, and in some of the cases cited, he had at no time during the marriage more than an equity of redemption, she is dowable only of the surplus, but when as in others of the cases he was seized of the entire estate, she is dowable of the entire proceeds of sale as against all persons except those as to whom she has waived her right."

As the mortgagor in the present case was unmarried at the time of the execution of the mortgage, "he had at no time during the marriage more than an equity of redemption." He was not "seized as an estate of inheritance at any time during the marriage in all of the real property" in the language of Section 8606, General Code.

I might quote further from the opinion in *Nichols* v. *French* in support of this view and from other authorities, but if I understand correctly what is said in *Nichols* v. *French* it is unnecessary to go further.

There is one other question to be determined in this case—the question as to attorneys' fees allowed by the probate court as a part of the costs and expenses of the proceedings to sell the real estate. The probate court allowed to Joseph Schroeder and Joseph Derbes, as attorneys for the executor, a fee of $175, which it is claimed should not have been allowed. It is stated in the agreed statement of facts that E. Scott King, the executor, was and is a practicing lawyer in this county, and that therefore it was improper to allow attorney's fees to other lawyers representing him. It is also stated in the brief of counsel for the judgment creditors that the same lawyers represented Teresia Alt, the widow in the case, and that their duties as attorneys for her and for the plaintiff were inconsistent, and that therefore they were not entitled to an allowance for attorneys fees as part of the costs and expenses, and on other grounds objection is made to the fees allowed. It is said among other things also, that the allowance was excessive in amount. As to the amount I can not undertake to say that it is excessive. The probate judge, who had a better knowledge than I have of the proceedings from the beginning to the end of the case, was better qualified to judge of the reasonableness of the amount to be allowed.

I am of opinion that the fact that the executor was himself a lawyer is not sufficient to preclude an allowance to him for fees to attorneys who represented him. If he had acted as his own lawyer he would have been entitled to compensation for his legal services in addition to his compensation as executor. He was represented by other lawyers and no allowance was made to him for any legal services of his own and he asks no such allowance.

I do not see so far as any showing was made before me that the attorneys for the executor were called upon to render any services as such that were inconsistent with their duties as attorneys for the widow. I can not say that if the executor himself had rendered the legal services necessary in the case that the sum of $175 allowed by the probate judge would be excessive compensation for such services. I will therefore allow to the plaintiff's attorneys the same sum allowed by the probate judge, $175.

A decree may therefore be entered in accordance with the foregoing conclusions.